UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

APEX, LLC,
APEX AT HOME, LLC

Plaintiffs,

v.

24 HOUR FITNESS USA, INC.,

Defendant.

C.A. No. 08-

CA 08 169ML

## COMPLAINT

Plaintiffs, Apex, LLC and Apex At Home, LLC (collectively referred to as "Plaintiffs") for its complaint against defendant 24 Hour Fitness USA, Inc. ("Defendant" or "24 Hour Fitness"), states as follows:

### Nature of the Action

1. This is an action for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114 (Registered Trademark Infringement); Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (False Designation of Origin and Unfair Competition; and Common Law Trademark Infringement).

### Parties

2. Plaintiff Apex, LLC is a Rhode Island limited liability company having an address and principal place of business at 100 Main Street, Pawtucket, Rhode Island 02860.

3. Plaintiff Apex At Home, LLC is a Rhode Island limited liability company having an address and principal place of business at 100 Main Street, Pawtucket, Rhode Island 02860.

4. Upon information and belief, Defendant 24 Hour Fitness is a California corporation having an address and principal place of business at 12647 Alcosta Blvd., 5th Floor, San Ramon, California 94583.

**Jurisdiction And Venue**

5. This Court has subject matter jurisdiction over plaintiff's claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367(a).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

7. 24 Hour Fitness has sufficient minimum contacts with the State of Rhode Island to subject it to the personal jurisdiction of this Court pursuant to Rhode Island's Long-Arm Statute, R.I. Gen. Laws § 9-5-33.

**Apex's Proprietary Interest in its Distinctive Trademark**

8. Since at least as early as 1942, Plaintiffs and/or their predecessors and affiliates (hereinafter collectively referred to as "Apex") have consistently provided and continue to provide retail services. Over the years, Apex expanded these services to include without limitation, the operation of retail department stores, specialty concepts stores, mail order operations and online retail operations. Since at least as early as the 1960s, Apex's retail services have included a wide variety of general merchandise and services, including without limitation sporting goods, athletic apparel, athletic footwear, athletic equipment, fitness equipment, various food items and products, health and beauty

products, related fitness accessories and a wide variety of other related and unrelated items (the "Apex Services").

9. The Apex Services are offered throughout the United States, including the State of Rhode Island.

10. Plaintiffs are the owners of a family of common law and registered APEX trademarks, which have been in continuous use since 1942 (APEX) and 1996 (APEX ONLINE and APEX STORES) in connection with various retail store, mail order purchase and computerized online retail services. These trademarks include but are not limited to the trademarks identified on Exhibit A hereto (the "APEX Marks").

11. Apex has provided the Apex Services under its APEX Marks throughout the United States, including the State of Rhode Island.

12. Registration of the APEX Marks constitutes conclusive evidence of Apex's exclusive right to use the APEX name and mark in connection with the Apex Services throughout the United States, including the State of Rhode Island.

13. Registration of the APEX Marks entitles Apex to prevent others from using the mark in a confusingly similar manner in the field of retail store services or in connection with any services confusingly similar to the Apex Services.

14. The APEX Marks cover the broad category of retail store services, without limitation as to specific industry areas or types of products sold.

15. The Apex Services are offered under one or more of the APEX Marks to consumers in a variety of industry sectors, including the health and fitness industry (the "Apex Consumers").

16. Since long before any date on which 24 Hour Fitness first used its confusingly similar marks, Apex has offered the Apex Services to the Apex Consumers under the APEX Marks.

17. As a result of widespread public use and recognition, the APEX Marks have become assets of substantial value and goodwill as indicators of the source for Apex and the Apex Services.

18. The Apex Services are promoted and marketed under the APEX Marks through substantial and ongoing business activities, including on physical retail stores, in a wide variety of advertising including newspaper advertisements, radio and television advertisements, on in store materials, and online through various domain names and/or Websites.

19. Apex has been actively expanding its use of the APEX Marks and continues to market its retail services under one or more of the APEX Marks throughout the United States and in Rhode Island.

20. Apex has expended significant time, money and effort in advertising and promoting the APEX Marks, the Apex Services provided under these marks, and in developing substantial and exclusive goodwill and reputation in connection with the Apex Services.

21. As a result of these expenditures, combined with substantial sales of quality services under the APEX Marks, the relevant purchasing public has come to recognize the brand name APEX as favorably distinguishing the Apex Services from those of others.

22. The APEX Marks serve as symbols of and sources for the highest standards in retail services.

**Defendant's Infringing Use of the APEX Marks**

23. Defendant 24 Hour Fitness operates a chain of health and fitness clubs and, upon information and belief, through its wholly owned subsidiary, Apex Fitness, Inc., offers fitness and nutrition programs and products throughout the United States and in the State of Rhode Island.

24. Upon information and belief, on or before May 2, 2008, 24 Hour Fitness commenced offering retail store services under the identical mark APEX, through its website *apexfitness.com* (the "Infringing Website"), in the provision of sales of merchandise, including various food products and distributorships featuring vitamins and fitness programs (the "Infringing Services"). See Exhibit B.

25. Defendant is the record owner of U.S. Trademark Registration Nos. 2,701,627; 2,703,428; and 2,936,205 for the marks APEX TRAINING SYSTEM (and design); APEX FITNESS GROUP; and APEX covering, *inter alia*, the Infringing Services (the aforementioned trademark registrations owned by defendant hereinafter referred to as the "Defendant's Registrations").

26. Defendant's Registrations cover goods and/or services that fall within the scope of the services covered by the APEX Marks. The United States Patent and Trademark Office improperly granted each of the Defendant's Registrations. Defendant's Registrations should be cancelled on grounds of likelihood of confusion with Plaintiffs prior and longstanding rights in and to the APEX Marks.

27. The Infringing Services are offered to consumers under the APEX trademark and the marks identified in Defendant's Registrations (collectively, the "Infringing Marks"), one or more of which are prominently displayed throughout the Infringing Website.

28. The Infringing Marks are confusingly similar to one or more of the APEX Marks, in which Apex has prior and exclusive rights.

29. Upon information and belief, the Infringing Services are offered in the same channels of trade and to the same class of consumers as the Apex Services and the Apex Consumers.

30. Upon information and belief, consumers located in all fifty states, including the State of Rhode Island, can access and transact business with defendant through the Infringing Website.

31. Upon information and belief, the Infringing Services are marketed, sold, or offered for sale to consumers, including the Apex Consumers, in interstate commerce in all fifty states, including the State of Rhode Island.

32. Upon information and belief, these activities by defendant have been continuous with the intent to solicit business from potential consumers, including the Apex Consumers, located anywhere in the United States, including the State of Rhode Island.

33. The term APEX appears prominently on the Infringing Website.

34. The dominant portion of each of the Infringing Marks is identical to the dominant portion of each of the APEX Marks, i.e., APEX.

35. Upon information and belief, defendant targets, sells and offers to sell the Infringing Services to the same class of purchasers that are familiar with and to whom the Apex Services are sold under the APEX Marks.

36. Because of the identity between the APEX Marks and the Infringing Mark, consumers, including the Apex Consumers, are likely to transact business with the defendant, mistakenly believe that it is sponsored by or affiliated with Apex and/or the Apex Services.

37. Defendant's infringing activities are likely to cause confusion, mistake and deception among the consumer public as to the origin of the Infringing Services.

38. Upon information and belief, defendant's use of the Infringing Marks create a false designation of origin, which is likely to cause confusion as to the affiliation, sponsorship or approval of defendant with Plaintiffs.

39. By letter dated, March 10, 2008, Plaintiffs sought defendant's agreement to discontinue use of the APEX mark, after a reasonable phase-out period, in connection with the Infringing Services.

40. By letter dated April 11, 2008, defendant rejected Plaintffs settlement offer and indicated that it will continue use of the APEX mark in connection with retail store services.

## COUNT ONE: REGISTERED TRADEMARK INFRINGEMENT UNDER SECTION 32 OF THE LANHAM ACT, 15 U.S.C § 1114

41. Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 40 as though fully set forth herein.

42. 24 Hour Fitness's actions constitute infringement of the APEX Marks in violation of Apex's rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

43. As a direct result of defendant's unlawful activities, Apex has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

44. Defendant's conduct has caused and will continue to cause injury to Apex to its goodwill and reputation, and will continue to both damage Apex and the public unless enjoined by this Court.

**COUNT TWO:**
**FALSE DESIGNATION OF ORIGIN**
**UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)**

45. Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 44 as though fully set forth herein.

46. Defendant's actions constitute a false designation of origin under 15 U.S.C. § 1125(a), which is likely to cause confusion, mistake or to deceive and has confused and deceived consumers into believing that defendant and the Infringing Services are affiliated with, sponsored by, or somehow connected with Apex and/or the APEX Marks.

47. Defendant's unlawful activities reflect adversely on Apex because Apex has no ability to control the quality of defendant's services, and as the believed source of origin, Apex's efforts to continue to protect its reputation for high quality services will be hampered, resulting in the loss of sales thereof to the irreparable harm of Apex.

48. As a direct and proximate result of defendant's above-described actions, Apex has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

**COUNT THREE:**
**UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)**

49. Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 48 as though fully set forth herein.

50. Defendant's actions constitute unfair competition under 15 U.S.C. § 1125(a), by passing off its mark for that of Apex in a manner that is false, misleading, and misrepresents the nature, characteristics and qualities of defendant's services.

51. As a direct and proximate result of defendant's above-described actions, Apex has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

**COUNT FOUR:**
**COMMON LAW UNFAIR COMPETITION**

52. Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 51 as though fully set forth herein.

53. The above-described acts constitute unfair competition under the common law of the State of Rhode Island.

54. As a result of defendant's unfair competition, Apex has been damaged in an amount to be ascertained at trial.

**COUNT FIVE:**
**COMMON LAW SERVICE MARK INFRINGEMENT**

55. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 54 of the Complaint as if set forth at length herein.

56. The above-described conduct of defendant constitutes a violation and infringement of the rights of plaintiff to and in the mark and name APEX at common law.

57. Plaintiff has been damaged by defendant's acts complained of, defendant has profited thereby, and unless defendant's conduct is preliminarily and permanently enjoined, plaintiff and its goodwill and reputation will suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in monetary damages.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiffs pray for an order of the Court:**

A. For a permanent injunction restraining 24 Hour Fitness its officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with it, from:

i) infringing Plaintiffs' trademark rights; and

ii) unfairly competing with Plaintiffs.

B. Directing 24 Hour Fitness to file with the Court and serve on counsel for Plaintiffs, within thirty days after entry of any injunction issued by the Court in this action, a sworn statement as provided in 15 U.S.C. § 1116 setting forth in detail the manner and form in which 24 Hour Fitness USA, Inc. has complied with the injunction;

C. Directing 24 Hour Fitness to account to Plaintiffs for any and all profits derived by 24 Hour Fitness from the sale of the Infringing Services bearing the Infringing Mark;

D. Awarding Plaintiffs a monetary judgment against 24 Hour Fitness for Plaintiffs' damages and 24 Hour Fitness's profits pursuant to 15 U.S.C. § 1117;

E. Trebling the amount of such award on account of 24 Hour Fitness 's willful, intentional, and bad faith conduct pursuant to 15 U.S.C. § 1117;

F. Awarding Plaintiffs their reasonable attorneys' fees, costs and disbursements incurred herein in view of 24 Hour Fitness's intentional and willful infringement, pursuant to 15 U.S.C. § 1117;

G. Ordering the cancellation of Defendant's Registration before the United States Patent and Trademark Office; and

H. Awarding Plaintiffs such other and further relief as the Court may deem just and proper.

APEX, LLC, APEX AT HOME, LLC

By Their Attorneys,

Raymond M. Ripple (#6489)
Heather A. Pierce (#7345)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200
(401) 276-6611 (Fax)

Dated: May 5, 2008