UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| APEX, LLC; APEX AT HOME, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>24 HOUR FITNESS,<br><br>Defendant. | CA# 08-169 ML |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT 24 HOUR FITNESS REPLY TO PLAINTIFFS' OBJECTION TO 24 HOUR FITNESS' MOTION TO DISMISS, OR ALTERNATIVELY, STAY PROCEEDINGS PURSUANT TO RULE 12(B)(3) AND 28 U.S.C. § 1406(a)**

CHISHOLM CHISHOLM & KILPATRICK LLP
J. Scott Kilpatrick
One Turks Head Place, Ste. 1313
Providence, RI 02903
Telephone (401) 331-6300

Of Counsel:
MANATT, PHELPS & PHILLIPS, LLP
Susan E. Hollander
Britt L. Anderson
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone (650) 812-1300
Facsimile: (650) 213-0260

MANATT, PHELPS & PHILLIPS, LLP
Shari Mulrooney Wollman
11355 W. Olympic Boulevard
Los Angeles, CA 90064
Telephone (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Defendant 24 Hour Fitness USA, Inc.*

Defendant 24 Hour Fitness USA, Inc. ("24 Hour Fitness") files this Memorandum of Law in Reply to Apex, LLC's and Apex at Home, LLC's ("Apex. LLC" or "Plaintiff") Memorandum of Law in Support of Plaintiffs' Objection to Defendant 24 Hour Fitness USA, Inc.'s Motion to Dismiss, or Alternatively, to Stay Proceedings (hereinafter, "Objection").

## I. SUMMARY OF REPLY

In an attempt to overcome the strong presumption underlying the "first to file" rule, Apex, LLC misstates the facts and law applicable to this issue. First, Apex, LLC misstates and mischaracterizes the parties' communications prior to 24 Hour Fitness' filing of its Complaint in the California Action. Contrary to Apex, LLC's suggestion, 24 Hour Fitness did not engage in any "gun-jumping" that may in any way be construed as an "anticipatory" race to the courthouse. In fact, as Apex, LLC admits in the Ottaviani Declaration, after proposing a Letter of Consent on which to settle Apex, LLC's Petition to Cancel certain 24 Hour Fitness trademark registrations, which 24 Hour Fitness confirmed was a reasonable possibility, Apex, LLC then abruptly escalated the dispute by dispatching a letter stating that: (1) a Letter of Consent would be "insufficient" to resolve "outstanding issues," which now included 24 Hour Fitness' use, and not merely registration, of the APEX mark; and (2) the matter could be resolved only if 24 Hour Fitness "phased out" its APEX brand with all of its accumulated goodwill built in the health and fitness field for 14 years. Thus, despite Apex, LLC's efforts to portray 24 Hour Fitness as an overly aggressive litigant that lulled it into complacency, the parties' dealings prior to the filing of the California Action clearly establish that 24 Hour Fitness acted reasonably and appropriately to protect its interests in filing that action.

Second, Apex, LLC misstates the law applicable to this issue. Despite its insistence that the first-filed rule is inapplicable, the law is clear that 24 Hour Fitness is the first-filed plaintiff in its chosen forum, and enjoys the benefit of that presumption. Moreover, despite Apex, LLC's references to the contrary in several locations, the "first-to-file" rule applies irrespective of whether 24 Hour Fitness' filing is an action for declaratory relief, as such actions are entirely

appropriate to alleviate the necessity of waiting indefinitely for a trademark owner to file suit. Finally, the Rhode Island Action presents no subset of issues that will remain unresolved by the California Action, as the "likelihood of confusion" factor is central to all federal, state and common law claims for trademark infringement and related claims asserted in both actions, and Apex, LLC's claims in the Rhode Island action are compulsory counterclaims in the California Action, as Apex LLC has conceded by omission.

Accordingly, as the Northern District of California is scheduled to hear this issue on September 9, 2008,[1] 24 Hour Fitness respectfully requests that this Court dismiss or stay this proceeding in deference to the first-filed tribunal.

## II. LEGAL ARGUMENT

### A. There Is No Basis on Which to Disregard the First to File Rule in this Case.

#### 1. No Special Circumstances or Balance of Convenience Supports Disregard of the First-to-File Rule of Law.

Only special circumstances or balance of convenience, neither of which exist in this case, support departure from the strong presumption underlying the first-to-file rule. *See* 17 Moore's Federal Practice, § 111.13[1][o] (Matthew Bender 3d Ed.). A straightforward examination of the Declaration of John E. Ottaviani, filed in support of Apex, LLC's Objection ("Ottaviani Decl."), makes clear that no special circumstances or balance of convenience supports overriding this strong presumption.

##### a. 24 Hour Fitness Did not Act in Bad Faith or Provide False Assurances that Caused Apex to Refrain from Filing Suit.

Apex, LLC admits all facts supporting 24 Hour Fitness' good faith filing of the California Action. Without any advance contact with 24 Hour Fitness, Apex, LLC filed its Petition for Cancellation with the PTO seeking cancellation of 24 Hour Fitness' registrations, because 24

---

[1] *See* Plaintiff's Objection, Exh. 3 (Defendant's "Notice of Motion and Motion to Dismiss Based on Lack of Personal and Subject Matter Jurisdiction" filed in Northern District of California, with a noticed hearing date of September 9, 2008).

Hour Fitness' marks had been cited by the PTO against new trademark applications made by Apex, LLC. (*See* Ottaviani Decl., ¶¶ 5-6.) Over the next three months, in brief telephone calls and email exchanges, both Apex, LLC and 24 Hour Fitness mentioned the possibility of 24 Hour Fitness issuing a Letter of Consent to assist Apex, LLC in overcoming the PTO's adverse citations. (*Id.*, ¶¶ 7-9.) The Letter of Consent, which was directed entirely at resolving the cancellation proceeding brought by Apex, LLC, was the sole settlement option discussed, and Apex, LLC did not refer in any discussion or communication to any broader concerns with 24 Hour Fitness' use or registration of the APEX marks. (*Id.*) Thereafter, on March 10, 2008, Apex, LLC issued a letter to 24 Hour Fitness making clear that Apex, LLC now found 24 Hour Fitness' continued use, not just registration, of its APEX mark to be highly objectionable, claiming that it had no prior knowledge of 24 Hour Fitness' APEX marks. (*Id.*, ¶ 10, Exh. 10.) The letter stated that Apex, LLC was "unwilling to compromise," wanted "to protect its rights," and believed there was "a great likelihood of confusion." (*See* Ottaviani Decl., Exh. E.) Moreover, despite a 14-year investment by 24 Hour Fitness in its APEX mark, Apex, LLC brazenly suggested in that letter that 24 Hour Fitness could address Apex, LLC's concerns with the APEX FITNESS name by "phasing it out." *Id.*

It was only after this serious new threat – i.e., that Apex, LLC believed 24 Hour Fitness' APEX marks infringed upon its marks and were likely to cause confusion - did 24 Hour Fitness properly file its declaratory suit on March 27, 2008. (California Complaint, ¶ 19.) Given this outright attack upon 24 Hour Fitness' rights, an indefinite delay in waiting for Apex, LLC to file suit would have harmed 24 Hour Fitness by creating uncertainty in its continued use of its trademarks. A declaratory suit is not only appropriate, but designed for resolution of precisely such situations. *GSI Lumonics, Inc. v. Biodiscovery, Inc.*, 112 F. Supp. 2d 99, 105 (D. Mass.

2000) (Declaratory relief is appropriate when a party is "concerned about damage to its reputation potentially incurred by allegations ... of infringement that [are] not ... awaiting judicial scrutiny."). Under the circumstances, 24 Hour Fitness was entirely justified in determining - approximately 17 days after Apex, LLC sent its new, threatening demands – that continued negotiations were no longer in its best interest. *See Transcanada Power Marketing, Ltd. v. The Narragansett Electric Co.*, 402 F. Supp. 2d 343, 349 (D. Mass. 2008).

Ignoring these facts, Apex, LLC disingenuously attempts to portray 24 Hour Fitness as "purport[ing] to negotiate in good faith toward a potential settlement to avoid litigation, but fil[ing] suit on its own." (Objection, pg. 10.) However, before it filed suit in California, 24 Hour Fitness provided absolutely no assurances that would cause Apex, LLC to refrain from filing a suit of its own. The general discussions by the parties concerning a Letter of Consent were aimed entirely at resolving Apex, LLC's Petition for Cancellation. Apex, LLC clearly indicated that a lawsuit between the parties was unavoidable in its March 10, 2008 letter, as the letter escalated the dispute beyond the narrow trademark registration issues in the Petition for Cancellation and gave 24 Hour Fitness reasonable apprehension that Apex, LLC would seek to challenge 24 Hour Fitness' use of all of its APEX marks.

Apex, LLC cites several cases finding an exception to the "first-filed" rule where the plaintiff in the first-filed suit made a representation causing the plaintiff in the second-filed suit to hold off on its filing. (*See* Objection, pgs. 9-10). None of these case is applicable to the facts here. For example, in *Davox Corp. v. Digital Sys. Int'l, Inc.*, 846 F. Supp. 144 (D. Mass. 1993), the owner of the first-filed suit represented in writing on two occasions that it would respond to patent infringement contentions raised by the owner of the second-filed suit. *Davox*, 846. F. Supp. 146-47. In *Nortek, Inc. v. Molnar*, 36 F. Supp. 2d 63 (D.R.I. 1999), parties were

negotiating a choice of law issue, defendant sent plaintiff legal analysis backing up his argument, and plaintiff told defendant he would get back to him; instead plaintiff filed suit. *Nortek*, 36 F. Supp. 2d at 66. Finally, in *Kleinerman v. Luxtron Corp,* 107 F. Supp.2d 122 (D.Mass 2000),[2] the parties had been negotiating a claim by a licensor for breach of a license royalties agreement for eight months, when the owner of the first-filed suit without warning sued in California for declaratory relief as to patent infringement and breach of the license agreement. These cases have one thing in common: the owner of the first-filed lawsuit provided false assurances in settlement that caused the other party to refrain from litigation.[3] In stark contrast, 24 Hour Fitness provided no representation that would reasonably cause Apex, LLC to refrain from filing suit after it made clear that the only way to resolve Apex, LLC's concerns with 24 Hour Fitness' APEX FITNESS mark was by "phasing it out." *See Veryfine Prod's, Inc. v. Phlo Corp*., 124 F. Supp. 2d 16, 23 (D. Mass. 2000) (cited by Apex, LLC) (declining to find exception to first-to-file rule because in context of ongoing negotiations no representations were made that litigation ought to be stayed pending negotiations). [4]

Moreover, given Apex, LLC's newly announced threat on March 10, 2008 to strip 24 Hour Fitness of its trademark rights, it is ludicrous to suggest that 24 Hour Fitness be required to refrain from filing suit to protect itself. Such an approach would require a trademark holder facing a threat of an infringement suit to stand by indefinitely, effectively foreclosing any access to the type of relief specifically provided by the Declaratory Judgment Act and rendering its

---

[2] See *The Holmes Group, Inc. v. Hamilton Beach/Proctor Silex, Inc*., 249 F. Supp. 2d 12, 17 (D. Mass 2002) for a discussion of *Kleinerman*. The *Holmes Group* court contrasted its own facts with *Kleinerman* to uphold the first-filed rule: "unlike the situation in *Kleinerman*, Hamilton had not foregone suit in reliance on good faith negotiations only to lose the race to the courthouse." *Holmes Group*, at 17.

[3] *See also Transcanada Power Marketing, Ltd. v. The Narragansett Electric Co*., 402 F. Supp. 2d 343 n.10 (D. Mass. 2008) (distinguishing *Davox* and *Nortek* noting that both cases involved misrepresentation or bad faith on the part of the first-filed plaintiff).

[4] Apex, LLC also cites *Hubb Sys., LLC v. Microdata GIS, Inc*., 2007 WL 2221077, *1 (N.D. Cal. 2007). (See Objection, pg. 12.). The *Hubb* decision has no bearing on how first-to-file principles should be applied in this case, because in *Hubb* the District of Vermont had already stayed the allegedly first filed case. *See Hubb*, at *1.

provisions a nullity. *See Guthy Renker Fitness, LLC v. Icon Health & Fitness*, 179 F.R.D. 264, 272 (C.D. Cal. 1998); *Transcanada Power Marketing*, 402 F. Supp. 2d at 349 (finding that plaintiff was within its rights simply to determine that negotiations were no longer in its best interests and that it did not need to give notice of its intention to resolve the dispute in court).

Apex, LLC also attempts to make much of the fact that 24 Hour Fitness delayed serving its California complaint and continued to support a Letter of Consent as evidencing bad faith. (Objection, pgs. 13-14.) However, 24 Hour Fitness' delay in service – along with intervening attempts to contact Apex, LLC on several occasions for discussions (*see* Ottaviani Decl. ¶ 11-13) – simply underscores its good faith efforts to resolve the matter without starting the timetable on litigation. In fact, 24 Hour Fitness' efforts entirely comport with a party's obligation to avoid litigation where possible. *See Biogen v. Schering AG*, 954 F. Supp. 391, 398-99 (D. Mass. 1996) (finding that plaintiff's decision to defer service minimized the risk of unnecessary litigation). Moreover, the reasonableness of 24 Hour Fitness approach after it filed suit on March 27, 2008 cannot realistically be portrayed as attempting to forestall Apex, LLC from filing suit while 24 Hour Fitness prepared and filed its own complaint. 24 Hour Fitness' filing was already completed, it was simply attempting (unsuccessfully) to drive the parties back to discussion of the Letter of Consent that Apex, LLC had originally discussed.

**b. The Anticipatory Suit Exception Does Not Apply.**

Apex, LLC also suggests that an exception to the first-filed suit applies in this case because 24 Hour Fitness' filing was an "anticipatory suit." (Objection, at pgs. 12-17.) "A suit is anticipatory when the plaintiff filed upon receipt of specific, concrete indications that a suit by defendant was imminent." *Sony Computer Entertainment America, Inc. v. America Medical Response, Inc.*, 2007 WL 781969, *2 (N.D. Cal 2007) (no exception to first-filed rule; although plaintiff provided draft complaint, covering letter did not establish that a lawsuit was imminent

because letter stated "it may be filed") (citing *Z-Line Designs, Inc. v. Bell'o Int'l, LLC,* 218 F.R.D. 663, 666 (N.D. Cal. 2003)). Another formulation of the same exception to the first-filed rule provides that, "special circumstances" are present where a party "react[s] to a notice of imminent filing by literally sprinting to the courthouse the same day." *Transcanada Power Marketing*, 402 F. Supp. 2d at 348 (citing *Veryfine Prod's*, 124 F. Supp. 2d at 22 and *Holmes Group*, 249 F. Supp. 2d at 16).

Nothing about 24 Hour Fitness' filing of the California action, or any communications by the parties, prior to its filing of the suit, comports with an "anticipatory filing" or a "race to the courthouse." In fact, all cases cited by Apex, LLC where courts found anticipatory suit exceptions involved facts entirely absent in this case; i.e., where (1) one party had served a draft complaint on the other party, (2) had inquired as to whether the other party's counsel could accept service of a complaint, or (3) had threatened to file a suit by a specific date if its demands were not met.[5] As the Ottaviani Declaration makes clear, Apex, LLC did not serve a draft, unfiled complaint on 24 Hour Fitness, it did not inquire as to whether 24 Hour Fitness' counsel was authorized to accept service of process, and Apex, LLC's March 10, 2008 letter is devoid of any timeline or date by which it intended to file suit if its demands were not met. (*See* Ottaviani

[5] See cases cited by Apex, Objection at pgs. 12-17, *Columbia Pictures Indus., Inc. v Schneider*, 435 F. Supp. 742 (S.D.N.Y. 1977) (staying first-filed New York suit because owner of second-filed California action has sent draft, unfiled complaint to owner of first-filed suit prior to New York filing and California law was applicable to dispute); *Z-Line Designs, Inc. v. Bell'o Int'l, Inc.*, 218 F.R.D. 663 (N.D. Cal. 2003) (finding exception to first-filed doctrine on basis that defendant in first-filed suit gave specific, concrete indication of intent to file action if no settlement and extended the time for plaintiff to respond to a demand letter, during which time plaintiff filed suit); *Mediostream, Inc. v. Priddis Music, Inc.*, 2007 WL 20790688 (N.D. Cal. 2007) (finding exception to first-filed rule; several days before plaintiff filed suit, defendant's counsel inquired as to whether or not plaintiff's counsel was authorized to accept service of complaint by defendant); *Shapiro v. Jupiterimages Corp.*, 2008 WL 183511 (N.D. Cal. 2008) (dismissing first-filed suit as anticipatory; parties discussed potential of litigation and damages under contract provisions; no more than 48 hours after discussion, plaintiff filed declaratory relief action pertaining only to contract claims, while second-filed suit contained additional tort and statutory claims); *Lexington Ins. Co. v. City of Phoenix*, 1996 WL 463672 (D. Mass. 1996) (finding exception to first to file rule on basis that defendant and plaintiff negotiated extension of time for insured to file claims; defendant specifically threatened suit if no resolution, and plaintiff filed in Massachusetts during intervening period); *cf. Auburn Mfg., Inc. v. Steiner Ind's*, 493 F. Supp. 2d 123 (D. Me. 2007) (declining to dismiss second-filed lawsuit because defendants' first-filed suit was "anticipatory," without relevant factual discussion).

Decl., ¶ 10, Exh. E; ¶¶ 11-18.) Instead, since it was unwilling to "phase out" or otherwise relinquish any of its intellectual property rights and Apex, LLC's March 10, letter made it clear that litigation between the parties was unavoidable, it filed suit approximately 17 days later. These facts do not represent a "race" to the courthouse.

**c. 24 Hour Fitness Decision to Serve its Complaint 47 Days After it Was Filed Does Not Impact Application of the First-to-File Rule.**

Apex, LLC makes much of the fact that 24 Hour Fitness "delayed" service. However, as pointed out by 24 Hour Fitness in its opening Memorandum of Law, a number of recent cases have considered this issue and have found that service has no effect on the first to file rule. (Defendant's Memorandum of Law at 8.) Apex, LLC has made no effort to distinguish these cases or demonstrate why they are not applicable.[6] Moreover, given 24 Hour Fitness' repeated attempts to contact Apex, LLC to return discussions to the Letter of Consent (Ottaviani Decl., ¶¶ 12-13), Apex, LLC cannot deny that this delay was entirely consistent with both parties' interest in trying to avoid "starting the meter running" on litigation. *See Biogen*, 954 F. Supp. at 398 (deferring service "actually minimized the risk of litigation").

Statutory provisions are entirely consistent with case law holding that it is *filing* and not *service* that is the touchstone of the "first-filed" rule. For example, Rule 3 of the Federal Rule of Civil Procedure provides that a civil action is commenced by *filing* a complaint with the court. Moreover, courts have noted in the context of considering a delay in service of a first-filed complaint that a plaintiff has up to 120 days after the complaint is filed to serve the complaint. Fed. R. Civ. Pro. 4(m); *see, e.g., Biogen*, 954 F. Supp. at 398.

---

[6] Apex, LLC cites *Sea Hunt Corp. v. O.S. Debraak, Ltd.*, 1986 WL 15476, at *2 (D. Mass 1986) with a parenthetical to suggest that service and not filing dictates priority. (*See* Objection at 16.) However, the *Sea Hunt* case does not hold that service matters. Instead, the relevant facts regarding the priority of filing are the same as this case, and the court transferred to the first-filed jurisdiction. *Sea Hunt*, at *2. *Sea Hunt* fully supports 24 Hour Fitness' position.

### 2. 24 Hour Fitness' Suit in the Northern District of California Will Resolve All of the Issues Under the Rhode Island Action.

Litigations need only be "substantially similar" and not exactly identical for the first to file rule to apply. *Barapind v. Reno*, 72 F. Supp. 1132, 1145 (E.D. Cal. 1999). Absent this rule, all a litigant would need to do to avoid application of the first-filed rule would be to add a party or a claim in a case involving the same transaction or occurrence. *Gen. Prods Mach. Shop, Inc. v. Systematic, Inc*., 2006 WL 20051737, *5 (D. Idaho 2006) ("it is enough that the overall content of each suit is not very capable of independent development, and will be likely to overlap to a substantial degree").

Apex, LLC does not dispute the fact that the California and Rhode Island Actions both involve the parties' respective APEX trademarks, but instead, incorrectly asserts that its claims go well beyond the California Action. In fact, the claims in both the California and Rhode Island Actions will be resolved under a single legal standard as likelihood of confusion is the basic test of both common law trademark infringement, federal statutory trademark infringement, and false designation of origin. J. Thomas McCarthy, *McCarthy on Trademarks*, § 23:1 (Rel. 3/2008). Infringement of a federally registered mark is governed by the test of whether the defendant's use is "likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1); *see also* 25 U.S.C. §1125(a) (federal claim under Lanham Act §43(a) for infringement of an unregistered mark is triggered by a use which "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association" of the user with the senior user.) Moreover, the same likelihood of confusion analysis also applies to Apex, LLC's claims under Rhode Island common law for unfair competition and service mark infringement. *See Beacon Mutual Ins. Co. v. OneBeacon Ins. Group*, 376 F.3d 8, 14-15 (1st Cir. 2004) (citing *DeCosta v. Viacom Int'l, Inc*., 981 F.2d 602, 606-07 (1st Cir. 1992) (applying collateral estoppel to prevent

re-litigation of likelihood of confusion issue under Lanham Act when that issue had already been decided against plaintiff in earlier suit under Rhode Island common law)). Thus, the same legal standard applies to all claims in both suits.

Apex, LLC also attempts to avoid application of the first-filed rule by narrowly reading the First Amended Complaint in 24 Hour Fitness' California Action "to include only the Plaintiff's federally registered marks." (Objection, pg. 20.) First, 24 Hour Fitness' First Amended Complaint states that the "claims alleged herein arise under 15 U.S.C. § 1051 *et seq.*," making it clear that provisions applicable to both registered (15 U.S.C. § 1114(1) and unregistered (15 U.S.C. § 1125(a)) trademarks are relevant, among other Lanham Act provisions. Second, 24 Hour Fitness' First Amended Complaint refers repeatedly to both its and Apex, LLC's <u>use and/or registration</u> of an "APEX" mark on numerous occasions. Thus it is clear that <u>all</u> of the claims for relief asserted in Apex, LLC's Rhode Island Complaint are compulsory counterclaims in the California action. *See* Fed R.Civ. Proc. 13(a); Sparrow v. Mazda Am. Credit, 385 F. Supp. 2d 1063, 1066 (E.D. Cal. 2005) (applying the "logical relationship test"). Though 24 Hour Fitness included this authority in its moving papers, Apex, LLC does not address or refute application of the compulsory counterclaim rule in its opposition, thus conceding its application in this case.

Based upon the foregoing, not only is there "substantial overlap" in the issues raised in the California and Rhode Island action, but the issues between the are essentially identical. Accordingly, there is <u>no support</u> for Apex, LLC's statement that "[c]ounts 2 through 5 of Plaintiffs' Complaint, as well as their claim for cancellation of 24 Hour Fitness' 'Apex' marks, will need to be tried here." (Objection at pg. 21.) The California Action will resolve all issues.[7]

---

[7] Apex's citation to *Shapiro v. Jupiterimages Corp.*, 2008 WL 183511 (N.D. Cal. 2008) is inapplicable. (Objection, at 21.) In addition to other factors, the *Shapiro* case involved a single declaratory relief claim based upon a contract

**3. If this Court his Court Declines to Dismiss, It Should Stay this Proceeding to Allow the Northern District of California to Decide the Appropriate Forum.**

In its Memorandum of Law in support of its Motion, 24 Hour Fitness cited extensive authority holding that second-filed district courts should not decide the forum where a similar lawsuit was first-filed elsewhere. (*See* 24 Hour Fitness' Memorandum of Law at pgs. 14-15.); *See SW Industries,* 653 F. Supp. at 639; *Cruz v. Hartford Ins. Co*., 2005 U.S. Dist. LEXIS 9924, *8 (D.R.I. 2005); *Gemco Latinoamerica, Inc. v. Seiko Time Corp.*, 623 F. Supp. 912 (D.P.R. 1985); *Boston and Maine Corp. v. United Transportation Union*, 110 F.R.D. 322 (D. Mass. 1986). Where there is substantial overlap in issues, stay is appropriate because the court with the first-filed action already has jurisdiction over the matter. Because Apex, LLC has not denied that these cases apply, it has conceded this point. Accordingly, if this case declines to dismiss this case, it should stay this case, in deference to the California court.

## III. CONCLUSION

For the foregoing reasons, 24 Hour Fitness respectfully requests that the Court follow the principles of the first-to-file doctrine and dismiss this Action, or alternatively, stay it, so that 24 Hour Fitness' and Apex, LLC's highly-related claims can be litigated in one forum, the Northern District of California.

---

theory, while the second-filed suit contained not only the contract claim, but a number of state law tort and statutory claims. Here, all parties' claims are based upon infringement or unfair competition issues arising out of the APEX marks.

Dated: Providence, Rhode, Island
July 17, 2008

Respectfully submitted,

CHISHOLM CHISHOLM & KILPATRICK LLP

/s/ J. Scott Kilpatrick
J. Scott Kilpatrick
One Turks Head Place
Ste. 1313
Providence, RI 02903
Telephone: (401) 331-6300

Of Counsel:
MANATT, PHELPS & PHILLIPS, LLP
Susan E. Hollander
Britt L. Anderson
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone (650) 812-1300
Facsimile: (650) 213-0260

MANATT, PHELPS & PHILLIPS, LLP
Shari Mulrooney Wollman
11355 W. Olympic Boulevard
Los Angeles, CA 90064
Telephone (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Defendant 24 Hour Fitness USA, Inc.*

90021542.2