EXPEDITED ACTION REQUEST

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

APEX, LLC; APEX AT HOME, LLC,

Plaintiffs,

v.

24 HOUR FITNESS,

Defendant.

CA# 08-169 ML

**24 HOUR FITNESS' MEMORANDUM OF LAW IN SUPPORT OF MOTION REQUESTING AN EXPEDITED ORDER TO CONTINUE OR STAY THE AUGUST 7, 2008 HEARING ON DEFENDANT 24 HOUR FITNESS USA, INC.'S MOTION TO DISMISS OR ALTERNATIVELY STAY SECOND-FILED SUIT**

CHISHOLM CHISHOLM & KILPATRICK LLP
J. Scott Kilpatrick
One Turks Head Place, Ste. 1313
Providence, RI 02903
Telephone (401) 331-6300

Of Counsel:
MANATT, PHELPS & PHILLIPS, LLP
Susan E. Hollander
Britt L. Anderson
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone (650) 812-1300
Facsimile: (650) 213-0260

MANATT, PHELPS & PHILLIPS, LLP
Shari Mulrooney Wollman
11355 W. Olympic Boulevard
Los Angeles, CA 90064
Telephone (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Defendant 24 Hour Fitness USA, Inc.*

## I. SUMMARY OF MOTION.

This case is a *second*-filed action asserting federal and state trademark infringement and related claims ("the Rhode Island Action"), involving the same parties, issues, trademarks and facts as the *first*-filed suit currently pending in the Northern District of California: 24 Hour Fitness USA, Inc. v. Apex Stores, LLC, et al, Case No. C08-01681 ("California Action").

24 Hour Fitness USA, Inc. ("24 Hour Fitness") brings this motion requesting a continuance or stay of the hearing on 24 Hour Fitness' Motion to Dismiss, or Alternatively to Stay, Pursuant to Rule 12(b)(3) and 28 U.S.C. 1406(a) ("24 Hour Fitness' Motion to Dismiss), which is presently scheduled to be heard by this Court on August 7, 2008 ("August 7th Hearing"). A similar Notice of Motion and Motion to Dismiss Based on the Lack of Personal and Subject Matter Jurisdiction filed by plaintiffs herein, Apex LLC and Apex at Home, LLC ("Apex"), along with their related entity, Apex Stores, LLC (collectively, "the Apex Entities"), is currently pending in the California Action ("Apex California Motion"), and is presently scheduled for hearing on September 9, 2008.

Due to the highly related natures of the California and Rhode Island Actions, there is a risk of inconsistent and/or competing jurisdictional rulings. As relevant case law in the First Circuit clearly provides that deference should be provided to the first-filed forum to determine the propriety of jurisdiction in that forum and avoid the risk of inconsistent rulings, 24 Hour Fitness respectfully requests that this Court continue or stay the August 7th Hearing until after the September 9, 2008 date upon which the California Motion is scheduled to be heard.

## II. CONFERENCE WITH OPPOSING COUNSEL.

Counsel for 24 Hour Fitness provided notice to Apex's counsel of this Motion for Continuance or Stay of Hearing, promptly after attempting to agree with Apex's counsel upon a joint request to the Court for a continuance of the August 7th Hearing. Counsel for Apex stated that they intended to oppose this motion.

## III. UNDER THE FIRST-TO-FILE RULE, THE FIRST-FILED COURT HAS JURISDICTION TO DECIDE THE APPROPRIATE FORUM.

District courts throughout the First Circuit have consistently applied the first-to-file rule and have declined to decide the appropriate forum when a similar lawsuit was first-filed elsewhere. *See SW Industries,* 653 F. Supp. at 639; *Cruz v. Hartford Ins. Co*., 2005 U.S. Dist. LEXIS 9924, *8 (D.R.I. 2005); *Gemco Latinoamerica, Inc. v. Seiko Time Corp.*, 623 F. Supp. 912 (D.P.R. 1985); *Boston and Maine Corp. v. United Transportation Union*, 110 F.R.D. 322 (D. Mass. 1986) ("Once the likelihood of substantial overlap between ... two suits [has] been demonstrated, it [is] no longer up to the [second court] to resolve the question of whether both should be allowed to proceed. By virtue of its prior jurisdiction over the common subject matter ... the ultimate determination of whether there actually [is] substantial overlap requiring consolidation ... belong[s] to [the first court]."). Based upon the foregoing, this Court should permit the first-filed court to rule on any jurisdictional issue before it hears or decides 24 Hour Fitness' Motion to Dismiss in the Rhode Island Action.

## IV. THE NORTHERN DISTRICT OF CALIFORNIA IS SCHEDULED TO HEAR APEX'S MOTION TO DISMISS BASED ON LACK OF SUBJECT MATTER AND PERSONAL JURISDICTION ON SEPTEMBER 9TH.

In the California Motion, the Apex Entities contest: (1) personal jurisdiction over Apex LLC or Apex Stores, LLC, though they do not contest personal jurisdiction over Apex at Home, LLC, and (2) subject matter jurisdiction based upon the purported lack of a "case or controversy" for the declaratory relief action. The California Motion is presently scheduled to be heard on September 9, 2008. (*See* attached Order in Case No. 08-01681 SBA. ("the Order")). Pursuant to the Order, the Apex Entities filed the California Motion on June 30, 2008, and received the first available hearing date of September 9, 2008. (*See* attached caption page from California Motion).

## V. THERE IS A RISK OF INCONSISTENT OR COMPETING RULINGS IF THE RHODE ISLAND COURT HEARS 24 HOUR FITNESS' MOTION FIRST.

If this Court were to rule upon 24 Hour Fitness' Motion before the California forum has an

opportunity to do so, and decide to retain jurisdiction over the Rhode Island Action, there is a risk that the California forum will also retain jurisdiction over the California Action, thus creating a risk of duplicative suits and inconsistent judgments.

### 1. <u>All Claims Arise out of the Same Facts and Circumstances</u>

As argued in 24 Hour Fitness' Motion to Dismiss currently pending before this Court, the California Action will adjudicate every issue raised in this second-filed suit because the parties and claims are identical. In fact, as the California suit adds Apex Stores, LLC, it is more inclusive and complete than the Rhode Island Action. Moreover, both suits arise out of the same facts: the parties' use and ownership of various APEX trademarks and their rights to continue to do so.

### 2. <u>The Apex Claims in This Action Are Compulsory Counterclaims</u>

Apex's claims in the Rhode Island Action are compulsory counterclaims in the California Action. *See* Fed. R. Civ. P. 13 (requiring a defendant to plead any counterclaim that arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction). Apex has not asserted and cannot show that their claims, including their state law claims, are not compulsory counterclaims in the California Action. Accordingly, all of Apex's claims in the Rhode Island Action will be adjudicated in the California Action if the Northern District of California retains jurisdiction over that suit. Accordingly, to avoid the possibility that both forums will retain their suits, this Court should continue or stay the hearing on 24 Hour Fitness' Motion to Dismiss.

## VI. <u>APEX WILL SUFFER NO PREJUDICE IF THIS HEARING IS CONTINUED OR STAYED</u>.

Apex cannot establish that a short delay of one month will cause it any prejudice. Certainly, it has not and cannot demonstrate that a brief delay in serving discovery warrants wholesale disregard of established First Circuit precedent which countenances restraint by the second-filed forum in deference to the first-filed forum's right to decide the jurisdiction issue.

## VII. CONCLUSION

This Court should defer to the Northern District of California to hear and decide Apex' California Motion before hearing and ruling upon 24 Hour Fitness' Motion to Dismiss pending before this Court. Accordingly, 24 Hour Fitness respectfully requests that this Court continue or stay the August 7th Hearing until after the September 9th hearing on the California Motion.

Dated: Providence, Rhode, Island
August 5, 2008

Respectfully submitted,

CHISHOLM CHISHOLM & KILPATRICK LLP

/s/ J. Scott Kilpatrick
J. Scott Kilpatrick
One Turks Head Place
Ste. 1313
Providence, RI 02903
Telephone: (401) 331-6300

Of Counsel:
MANATT, PHELPS & PHILLIPS, LLP
Susan E. Hollander
Britt L. Anderson
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone (650) 812-1300
Facsimile: (650) 213-0260

MANATT, PHELPS & PHILLIPS, LLP
Shari Mulrooney Wollman
11355 W. Olympic Boulevard
Los Angeles, CA 90064
Telephone (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Defendant 24 Hour Fitness USA, Inc.*

90025617.1

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

24 HOUR FITNESS USA, INC.,

Plaintiff,

v.

APEX STORES, LLC; APEX, LLC; APEX AT HOME; LLC,

Defendants.

Case No. 08-01681 SBA

**ORDER**

[Docket No. 17]

Currently before the Court is the parties' stipulation and proposed order to extend time to file a responsive pleading and to set briefing schedule for Rule 12 motion [Docket No. 17] (the "Stipulation"). The parties stipulate to the following:

1) Defendants shall have until June 30, 2008 to respond to plaintiff's Amended Complaint;

2) Defendants intend to file a Rule 12 motion on June 30 and to schedule the hearing on the motion for July 29, 2008;

3) If July 29, 2008 is available for a hearing on the motion, plaintiff's opposition brief will be due on or before July 15, 2008 and defendants' reply brief will be due on or before July 22, 2008; and

4) If July 29, 2008 is unavailable, defendants shall select the next available hearing date but that no changes to the briefing schedule set forth in the Stipulation shall be necessary.

In light of the Stipulation, the Court ORDERS as follows:

1) Defendants' response to plaintiff's Amended Complaint shall be due June 30, 2008; and

United States District Court
For the Northern District of California

2) Defendants' anticipated Rule 12 motion shall be made, and any corresponding briefs shall be filed, pursuant to the Civil Local Rules. Please note, pursuant to Local Rule, motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing **not less than 35 days after service of the motion**. Civil L. R. 7-2(a).

IT IS SO ORDERED.

Dated: 6/19/08

SAUNDRA BROWN ARMSTRONG
United States District Judge

SHEPPARD MULLIN RICHTER & HAMPTON, LLP
NEIL A. SMITH (SBN 63777)
NATHANIEL BRUNO (SBN 228118)
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
Email: nsmith@sheppardmullin.com
Email: nbruno@sheppardmullin.com

Attorneys for Defendants
Apex Stores, LLC; Apex, LLC; Apex At Home, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| 24 Hour Fitness USA, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Apex Stores, LLC; Apex, LLC; Apex at Home, LLC,<br><br>Defendants. | Case No. 4:08-cv-01681-SBA<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS BASED ON THE LACK OF PERSONAL AND SUBJECT MATTER JURISDICTION, AND MEMORANDUM OF POINTS AND AUTHORITIES THEREON**<br><br>[Fed. R. Civ. P. 12(b)(1) and 12(b)(2)]<br><br>HEARING: SEPTEMBER 9, 2008, 1:00 PM<br><br>COURTROOM: 3 |