UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| APEX, LLC,<br>APEX AT HOME, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>24 HOUR FITNESS USA, INC.,<br><br>Defendant. | C.A. No. 08-169-ML |

**PLAINTIFFS APEX, LLC AND APEX AT HOME, LLC'S OBJECTION TO DEFENDANT'S MOTION REQUESTING EXPEDITED ORDER TO CONTINUE OR STAY HEARING ON DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY STAY PROCEEDINGS**

Plaintiffs Apex, LLC and Apex At Home, LLC (collectively, "Plaintiffs") hereby object to Defendant 24 Hour Fitness USA, Inc.'s Motion Requesting Expedited Order to Continue or Stay Hearing on Defendant's Motion to Dismiss or Alternatively Stay Proceedings. In support of their Objection, Plaintiffs rely upon the accompanying Memorandum of Law.

APEX, LLC and APEX AT HOME, LLC,

By its Attorneys,

/s/ Heather A. Pierce
Raymond M. Ripple (#6489)
Heather A. Pierce (#7345)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

and

Steven M. Cowley (*pro hac vice*)
Carrie Webb Olson (*pro hac vice*)
Edwards Angell Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA 02199-7613
(617) 239-0100
(617) 227-4420 (Fax)
scowley@eapdlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2008, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Heather A. Pierce

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| APEX, LLC,<br>APEX AT HOME, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>24 HOUR FITNESS USA, INC.,<br><br>Defendant. | C.A. No. 08-169-ML |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS APEX, LLC AND APEX AT HOME, LLC'S OBJECTION TO DEFENDANT'S MOTION REQUESTING EXPEDITED ORDER TO CONTINUE OR STAY HEARING ON DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY STAY PROCEEDINGS**

Plaintiffs Apex, LLC and Apex At Home, LLC (collectively, "Plaintiffs") file this Memorandum of Law in opposition to Defendant 24 Hour Fitness USA, Inc.'s ("24 Hour Fitness") Motion Requesting Expedited Order to Continue or Stay Hearing on Defendant's Motion to Dismiss or Alternatively Stay Proceedings ("Motion to Continue Hearing").

## I. INTRODUCTION

24 Hour Fitness has moved this Court to continue or stay the hearing scheduled to take place **tomorrow morning** on 24 Hour Fitness' Motion to Dismiss, or Alternatively, Stay Proceedings ("Motion to Dismiss"). 24 Hour Fitness essentially asks this Court to find that it has prevailed on its underlying Motion to Dismiss, without affording Plaintiffs a hearing on the substantial issues that Plaintiffs have raised in opposition.[1] The grounds on which 24 Hour Fitness bases its Motion to Continue Hearing are the very same grounds upon which it has

[1] For all the reasons set forth in Plaintiffs' opposition to 24 Hour Fitness' Motion to Dismiss, 24 Hour Fitness will not prevail on any of its arguments underlying its Motion to Dismiss and, for the same reasons, should not prevail on its Motion to Continue Hearing.

premised its motion to dismiss or alternatively stay the proceedings. Accordingly, continuing the hearing on 24 Hour Fitness' Motion to Dismiss until after the hearing in California would be the equivalent of finding that 24 Hour Fitness should prevail on its arguments in favor of dismissing or staying these proceedings based on the existence of the California Action. But that is the very issue that tomorrow's hearing will determine.

Significantly, although 24 Hour Fitness has had notice that its Motion to Dismiss was referred to Magistrate Judge Martin for decision for over two weeks, since July 22, 2008, and has had notice of tomorrow's hearing since July 29, 2008, it waited until the last possible minute to move to continue the hearing.

For these reasons, and the reasons discussed more fully below, Plaintiffs request that this Court deny 24 Hour Fitness' Motion to Continue Hearing and proceed with the hearing currently scheduled for tomorrow morning on 24 Hour Fitness' Motion to Dismiss.

## II. <u>ARGUMENT</u>

### A. <u>The California Action Will Not Resolve All of the Claims Raised in this Lawsuit</u>.

As set forth more fully in Plaintiffs' opposition to 24 Hour Fitness' Motion to Dismiss, and contrary to the claims of 24 Hour Fitness in its Motion to Continue Hearing, the California Action will not resolve all of the claims raised by Plaintiffs' Complaint in this Court. Instead, Plaintiffs' claims in this Court go well beyond the limited issues presented in the California Action, and raise several claims that are not pending in California. While the California Action is limited to only a single claim seeking a declaration of non-infringement only with respect to Plaintiffs' federally registered trademarks, Plaintiffs have asserted claims against 24 Hour Fitness in this Court for: infringement of their registered trademarks under section 32 of the Lanham Act, 15 U.S.C. § 1114 (Count 1); false designation of origin under section 43(a) of the

Lanham Act, 15 U.S.C. § 1125(a) (Count 2); unfair competition under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count 3); common law unfair competition (Count 4); common law service mark infringement (Count 5); and cancellation of 24 Hour Fitness' "Apex" marks (Prayer for Relief, ¶ G.).

While 24 Hour Fitness would like the Court to take an overly expansive view of its trademark declaratory judgment single count to pull in all issues raised by Counts 1 through 3 (which Plaintiffs deny is an appropriate reading of the California Complaint), 24 Hour Fitness has no basis whatsoever to suggest that Counts 4 and 5 are within the scope of its declaratory judgment count. At a minimum, Counts 4 and 5—and Plaintiffs contend Counts 2 and 3 as well—will proceed in this Court, irrespective of the outcome of the "first to file" issue.

**B. <u>Plaintiffs Will Suffer Prejudice if this Hearing is Continued or Stayed</u>**

By moving to continue or stay the hearing on its Motion to Dismiss, 24 Hour Fitness is asking this Court to significantly delay Plaintiffs' ability to move forward with the resolution of their claims regarding their trademarks. The trademark issues involved in this litigation are significant to Plaintiffs' business and operations, and Plaintiffs are undoubtedly prejudiced by a delay of well over a month before another hearing is even scheduled on 24 Hour Fitness' Motion to Dismiss in this Court. Indeed, 24 Hour Fitness has already caused an extreme delay in the resolution of Plaintiffs' claims by asking Apex to twice delay the filing of a motion to dismiss in the California Action. The delays occasioned by Apex cooperating with those requests are the reason that a hearing on Apex's Motion to Dismiss is not even scheduled to be heard in California until September 9, 2008. In addition, as discussed above, 24 Hour Fitness unreasonably waited until the last minute to file its Motion to Continue Hearing, essentially filing its motion on the morning before the hearing, well after Plaintiffs' counsel, and

undoubtedly this Court, had already invested time and effort into preparing for the hearing. 24 Hour Fitness should not be allowed to continue to engage in such litigation gamesmanship in order to delay and frustrate Plaintiffs' efforts to pursue their claims.

By contrast, 24 Hour Fitness would not be prejudiced at all if the hearing were to proceed as scheduled. As set forth above, the issues raised in 24 Hour Fitness' Motion to Continue Hearing are the same issues currently set to be heard tomorrow. If the hearing is held and this Court grants 24 Hour Fitness' Motion to Dismiss, then this action will either be dismissed or stayed, the same relief requested in 24 Hour Fitness' Motion to Continue Hearing. If, on the other hand, the Court denies 24 Hour Fitness' Motion to Dismiss, then Plaintiffs will be allowed to proceed with their claims in this action. 24 Hour Fitness certainly cannot contend that resolution of the issues it has raised on their merits somehow constitutes prejudice to 24 Hour Fitness.

## III. CONCLUSION

For these reasons, the Court should deny 24 Hour Fitness' Motion to Continue Hearing and allow the hearing on 24 Hour Fitness' Motion to Dismiss, scheduled for tomorrow morning, August 7, 2008, to proceed.

APEX, LLC and APEX AT HOME, LLC,

By its Attorneys,

/s/ Heather A. Pierce
Raymond M. Ripple (#6489)
Heather A. Pierce (#7345)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

and

Steven M. Cowley (*pro hac vice*)
Carrie Webb Olson (*pro hac vice*)
Edwards Angell Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA 02199-7613
(617) 239-0100
(617) 227-4420 (Fax)
scowley@eapdlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2008, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Heather A. Pierce