UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| APEX, LLC,<br>APEX AT HOME, LLC,<br>Plaintiffs, | : | |
| v. | : | CA 08-169 ML |
| 24 HOUR FITNESS USA, INC.,<br>Defendant. | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is Defendant 24 Hour Fitness' Motion to Dismiss, or Alternatively, Stay Proceedings Pursuant to Rule 12(B)(3) and 28 U.S.C. § 1406(a) (Doc. #14) ("Motion to Dismiss or Stay" or "Motion"). The Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). A hearing was conducted on August 7, 2008. For the reasons stated herein, I recommend that the Motion be granted to the extent that it seeks to stay proceedings pending a determination by the United States District Court for the Northern District of California that a prior action filed in that district, involving essentially the same parties and similar issues, should proceed.

**Facts**

This is an action for trademark infringement and related claims brought by two Rhode Island companies against a California corporation. Plaintiffs Apex, LLC, and Apex At Home, LLC ("Plaintiffs"), filed this action on May 5, 2008, against Defendant 24 Hour Fitness USA, Inc. ("24 Hour Fitness" or "Defendant"). Plaintiffs allege that 24 Hour Fitness is infringing their registered Apex trademarks by and through the activities of 24 Hour Fitness' wholly owned subsidiary, Apex

Fitness, Inc. ("Apex Fitness").

By the instant Motion, 24 Hour Fitness seeks to dismiss or stay this action because it filed a complaint for a declaratory judgment in the Northern District of California (the "California Action")[1] on March 27, 2008. In the California action, 24 Hour Fitness seeks a declaration that its registration and use of trademarks containing the word "Apex" do not infringe any of Plaintiffs' trademarks. Having filed the California action almost six weeks before Plaintiffs filed this action, 24 Hour Fitness contends that application of the "first-filed rule"[2]

---

[1] When 24 Hour Fitness filed the California Action on March 27, 2008, the trademarks that are the subject of the instant action were owned by Apex Stores, LLC. Subsequently, the trademarks were transferred from Apex Stores, LLC, to Apex, LLC. Following this transfer, 24 Hour Fitness amended the California complaint to add Apex, LLC, and Apex At Home, LLC, as defendants. 24 Hour Fitness also alleged in its amended complaint that the three defendants (Apex Stores, LLC; Apex, LLC; and Apex At Home, LLC) are effectively the same entity. It notes that the Rhode Island Secretary of State Corporations Division lists them as having the same corporate address and agent.

In the interest of exactness, "Plaintiffs" as used in this Report and Recommendation ("R&R") with reference to the California action includes all three Apex entities (Apex Stores, LLC; Apex, LLC; and Apex at Home, LLC). However, "Plaintiffs" as used herein with reference to the instant Rhode Island action includes only Apex, LLC, and Apex At Home, LLC.

[2] "'[T]he first-filed rule' is an equitable doctrine of venue selection followed universally; 'where identical actions are proceeding concurrently in two federal courts ... the first filed action is generally preferred in a choice-of-venue decision.'" Cruz v. Hartford Cas. Ins. Co., C.A. No. 05-38S, 2005 U.S. Dist. LEXIS 9924, at *4 (D.R.I. May 20, 2005)(quoting Feinstein v Brown, 304 F.Supp.2d 279, 280-81 (D.R.I. 2004)(quoting Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11, (1st Cir. 1987); accord Mediostream, Inc. v. Priddis Music, Inc., No. C 07-2127 PJH, 2007 WL 2790688, at *2 (N.D. Cal. Sept. 24, 2007)("The 'first-to-file' rule is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district."); see also Cruz, 2005 U.S. Dist. LEXIS 9924, at *4 (explaining that there are exceptions to the rule and that the presumption may be overcome by a showing that the first-filed case constituted an

requires that this action be dismissed or stayed.

Plaintiffs object, contending that special circumstances are present which render the "first-filed rule" inapplicable and justify giving priority to this second filed action. In particular, Plaintiffs contend that the California action is an anticipatory suit which 24 Four Fitness filed as a forum shopping tactic. Plaintiffs note that 24 Hour Fitness did not serve or otherwise notify them of the California action until after Plaintiffs had filed and served 24 Hour Fitness with their Complaint. They assert that 24 Hour Fitness acted in bad faith by filing the suit while the parties were engaged in settlement discussions. Plaintiffs also argue that the instant action is broader than the California action and dispute 24 Hour Fitness' contention that Plaintiffs' claims in the Rhode Island action are compulsory counterclaims which must be asserted in the California action. Lastly, Plaintiffs argue that the balance of convenience factors favors the second filed action.

Plaintiffs have moved to dismiss the California Action on the ground that there was no ripe and legitimate "case or controversy" between the parties at the time 24 Hour Fitness filed that action. See M.D. Beauty, Inc. v. Gross, No. C03-3082 SBA, 2003 U.S. Dist. LEXIS 27257, at *8-9 (N.D. Cal. Oct. 27, 2003)("if a declaratory plaintiff is not in reasonable apprehension of a suit, then a court may not exercise jurisdiction because there is no case or controversy")(citing 28 U.S.C. § 2201). In support of this argument, Plaintiffs stress that "throughout the parties' settlement discussions, Plaintiffs never explicitly or implicitly threatened to sue 24 Hour Fitness." Memorandum of Law in Support of Plaintiffs' Objection to Defendant's Motion to Dismiss, or Alternatively, Stay

---

improper anticipatory filing).

Proceedings ("Plaintiffs' Mem.") at 13. Plaintiffs' motion to dismiss is scheduled to be heard on September 9, 2008, by the California federal court.

**Discussion**

The path which this Court should follow relative to the instant Motion was clearly stated by District Judge William E. Smith in Cruz v. Hartford Casualty Insurance Co., C.A. No. 05-38S, 2005 U.S. Dist. LEXIS 9924 (D.R.I. May 20, 2005). In Cruz, the plaintiff similarly argued that a previously filed declaratory judgment action in Texas was an improper anticipatory filing by the defendant and that the balance of convenience favored Rhode Island over Texas as the forum. See id. at *7. Although Judge Smith found that the plaintiff's anticipatory filing argument was "compelling," id., and that the plaintiff's choice of forum, the convenience of the parties, and the state's interest (the underlying tort had occurred in Rhode Island) all favored that the case be heard in Rhode Island, Judge Smith deferred to the Texas court the ultimate decision on whether an exception to the first-filed rule applied. See id. at *8. In doing so, he explained that "case law indicates that the court in which the first-filed case was brought decides the question of whether or not the first-filed rule, or alternatively, an exception to the first-filed rule, applies." Id. (quoting Ontel Prods, Inc. v. Project Strategies Corp., 899 F.Supp. 1144, 1150 n.9 (S.D.N.Y. 1995)).

Other courts have also recognized that the determination of which action should proceed should be made by the court where the first action is filed.

> Once the likelihood of substantial overlap between ... two suits [has] been demonstrated, it [is] no longer up to the [second court] to resolve the question of whether both should be allowed to proceed. By virtue of its prior jurisdiction over the common subject matter ... the

> ultimate determination of whether there *actually* [is] substantial overlap requiring consolidation ... belong[s] to [the first court]."

Boston & Maine Corp. v. United Transp. Union, 110 F.R.D. 322, 329 (D. Mass. 1986)(quoting West Gulf Mar. Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 730 (5th Cir. 1985)(quoting Mann Mfg. Inc. v. Hortex Inc., 439 F.2d 403, 405 (5th Cir. 1971))) (alterations in original); see also Best Western Int'l, Inc. v. Mahroom, No. CV 07-827-PHX-JAT, 2007 U.S. Dist. LEXIS 32969, at *11-12 (D. Ariz. May 3, 2007)(finding "no reason to deviate from the normal rule ... that the first-filed court should consider the exceptions to the first-to-file rule"); Gemco Latinoamerica, Inc. v. Seiko Time Corp., 623 F.Supp. 912, 916 (D.P.R. 1985)("the district court hearing the first-filed action should determine whether special circumstances dictate that the first action be dismissed in favor of a later-filed action")(quoting Donaldson, Lufkin & Jenrette v. Los Angles County, 542 F.Supp. 1317, 1321 (S.D.N.Y. 1982)). The late Senior District Judge Raymond J. Pettine of this Court cited this case law in staying a second filed Rhode Island action until the federal district court for the Northern District of Ohio finally adjudicated a first filed action or chose to refrain from exercising its jurisdiction over that action. See SW Indus., Inc. v. Aetna Cas. & Sur. Co., 653 F.Supp. 631, 639 (D.R.I. 1987)(citing West Gulf Mar. Ass'n, Gemco Latinoamerica, Inc., and Donaldson, Lufkin & Jenrette as "cases holding that the decision as to which forum is more appropriate is a prerogative of the court hearing the first-filed action").

Here the California action and the Rhode Island action are closely related. They involve essentially the same parties and the same or closely related claims. Cf. Supervalu Inc. v. Executive Dev. Sys., Inc., Case No. CV-06-329-S-BLW, 2007 U.S. Dist. LEXIS 3141, at *2 (D. Idaho Jan. 12, 2007)(stating that the

parties need not be identical for application of the first-to-file rule, but there must be similarity or substantial overlap). Here there is the danger of conflicting judicial resolutions were this Court to decide the instant Motion. If it denies the Motion and the California court denies Plaintiffs' motion to dismiss, the result will be that there will be two actions, nearly mirror images, being litigated in two different federal courts. In addition, principles of comity and consistency favor allowing the court which has the first filed action before it to consider whether there are special circumstances which warrant an exception to the first-filed rule. Cf. Gemco Latinoamerica, Inc., 623 F.Supp. at 916 ("Absent such a rule, there would exist the possibility of conflicting judicial resolutions as well as a duplication of judicial efforts.").

It is true that to date Plaintiffs have only sought to have the California action dismissed and have not filed a motion to transfer venue to this district. However, Plaintiffs' contention that the first-filed rule does not apply because of special circumstances and because the balance of convenience favors litigating the dispute in Rhode Island clearly would provide a basis for moving to transfer venue. Such a motion would raise directly before the California court the arguments which Apex has made in opposing the instant Motion. This Court assumes that if Plaintiffs' motion to dismiss the California action is denied, they will file a motion to transfer venue. Alternatively, Plaintiffs could move to supplement their existing motion to dismiss by requesting as alternative relief that the declaratory judgment action be transferred to this Court for the reasons Plaintiffs have advanced in opposition to the instant Motion.

In any case, this Magistrate Judge is persuaded that it would be unwise and inappropriate for this Court to decide whether an exception to the first-to-file rule should be made.

That decision should be made by the California federal court.

**Conclusion**

Accordingly, for the reasons stated above, I recommend that the Motion to Dismiss or Stay be granted to the extent that proceedings in this action be stayed pending a determination by the United States District Court for the Northern District of California whether the prior filed action should proceed. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
August 15, 2008